[Civ. No. 8578. Second Appellate District, Division Two.—May **1,** 1933.]

WILLIAM HOLOPOFF, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, STANDARD PARTS COMPANY et al., Respondents.

A. P. G. Steffes for Petitioner.

A. I. Townsend, Everett A. Corten, Redman, Alexander & Bacon and R. P. Wisecarver for Respondents.

WORKS, P. J.—The Industrial Accident Commission rendered its award denying adjustment of industrial compensation to petitioner for personal injuries suffered by him. ■ Petitioner was a "delivery boy" for respondent corporation, using in the performance of his duties what is known as a "sidecar" motorcycle which was his own property. He was compensated for his work by the payment of a fixed sum the week, out of which he furnished the gasoline for the motorcycle and paid for its upkeep. In going to and from the place of business of his employer at morn and at eve he chose any route he pleased, and from the time he left the place at night until he reached it again in the morning his time and the motorcycle were his to employ as suited his whim or convenience. The casualty out of which petitioner's injuries arose was a collision between his cycle and an automobile. It occurred on a morning, when he was on a direct way toward the place of business of his employer, along a route which he often traveled. It is plain, from the facts above stated, that unless petitioner, before the accident and after he left his home, had been diverted from his usual course because of some errand in the course of his employment, he was within what is known familiarly as the "going and coming" rule in industrial compensation cases. Whether he was so diverted is really the focal question in the proceeding.

■ The employer was a wholesaler of automobile "parts", although apparently sales at retail were sometimes made by it. The point just mentioned turns upon the question whether the Commission had before it evidence sufficient to support a finding that petitioner, upon the journey from

his home to the place of the accident and during a halt in his intended trip to work, was engaged upon a business private to himself and outside the course of his employment. There was evidence that petitioner had a friend whose automobile required some new spark-plugs. This friend lived a block away from the home of petitioner. The latter had offered to procure and to deliver to his friend the required "parts". Petitioner procured the plugs from his employer, had them charged to himself and did not disclose the fact that they were gotten for another. They were charged to petitioner at the wholesale rate of fifty-three cents each, which prevailed in the case of sales to public garages, instead of at the retail rate of seventy-five cents, which was current when sales were made to others. Petitioner, on the evening before his accident, stopped at his friend's place to deliver the spark-plugs, but the friend was not at home. Petitioner then went to his own abode for the night and delivered the parts the next morning. It was after this delivery that the catastrophe to petitioner occurred.

Petitioner testified that it was in the regular course of the business to charge to delivery boys articles sold on orders procured by them, the charges being canceled when the boys brought back the cash to pay for such sales. This testimony was disputed by other witnesses, including the manager of respondent corporation.

We think the Commission was justified in finding from the evidence that, at the time of the deviation from his regular course to his employer's place of business, on the morning of the accident, petitioner was engaged in a private matter for the purpose of obliging a friend, and that, consequently, he was not acting in the course of his employment.

Award affirmed.

Stephens, J., and Craig, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 29, 1933.